UNITED STATES of America, Plaintiff,

v.

Edward SELTZER, Defendant.

No. CR84–238.

United States District Court,
N.D. Ohio, E.D.

March 26, 1985.

Robert Becker, U.S. Strike Force, Cleveland, Ohio, for plaintiff.

Stanley S. Arkin, Mark Bogatin, Mark Arisohn, New York City, Jonathan I. Klein, Berkman, Gordon, Murray & Palda, Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION

DOWD, District Judge.

This case involves the prosecution of the defendant, Edward Seltzer, for allegedly perjuring himself in two separate proceedings before the grand jury on May 21, 1981 and on April 2, 1983. Defendant was given two separate grants of immunity in exchange for his testimony. On December 13, 1984, a two count indictment was returned by the grand jury against the defendant. He was charged with one count of perjury before the grand jury at the 1981 proceeding and one count of perjury before the grand jury at the 1983 proceeding. On February 6, 1985, a superseding indictment was returned by the grand jury, charging the defendant with six counts of perjury. The first two counts charged the defendant with perjury before the grand jury at the 1981 proceeding. Counts three through six charged the defendant with perjury before the grand jury at the 1983 proceeding.

A review of the transcripts of the 1981 and 1983 grand jury proceedings [1] reveals that the grand juries were investigating the defendant's operation of and involvement with a number of businesses in sales and/or merchandising. The six counts of

---

1. Both are substantial. The transcript of the 1981 proceeding is 187 pages long; the transcript of the 1983 proceeding is 81 pages long.

the superseding indictment are all related to the defendant's role in those operations. Specifically, count one of the superseding indictment involves allegedly false testimony by the defendant in the 1981 grand jury proceeding that he had not used any name besides his given name personally or in business. Count two of the superseding indictment involves the defendant's allegedly false testimony in the same proceeding that he did not know Sheldon Silverstone, International Bancorpest, or the Merchants and Shipowners Bank. Counts three to six of the superseding indictment all involve the defendant's allegedly false testimony at the 1983 grand jury proceeding that he did not recall causing certain transactions involving the wire transfers of monies.

Before the Court are the defendant's "second set of pretrial motions" in which the defendant moves the Court to dismiss, on various grounds, the six counts of the superseding indictment for perjury. Defendant further moves the Court to preclude the prosecution from introducing evidence of defendant's employment in the "adult entertainment business" at trial, and to order that defendant's testimony before the grand jury on two separate occasions "be redacted to eliminate prejudicial and irrelevant references...." For the reasons which follow, defendant's motions to dismiss counts one and two of the superseding indictment are granted. Defendant's motions to dismiss counts three through six of the superseding indictment are denied. Defendant's motion to preclude the prosecution from introducing evidence of defendant's employment in the "adult entertainment business" is denied. As to defendant's request for an order requiring the redaction of transcripts, the parties are instructed to comply with the instructions of the Court set out below.

## COUNTS ONE AND TWO

The first two counts of the superseding indictment charge that the defendant perjured himself at his appearance before the grand jury on May 21, 1981. Defendant does not contest that the "immunity stat-ute," 18 U.S.C. § 6002, sets forth an exception permitting the use of "immunized" testimony in a prosecution for perjury as follows:

> [N]o testimony or other information compelled under the [immunity] order (or any information directly or indirectly derived from such testimony or other information) may be used against a witness in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order.

However, defendant argues that the exception only permits the prosecution to use immune testimony for the purpose of prosecuting perjury committed during the course of the immunized testimony, and not for the purpose of prosecuting perjury allegedly committed during the course of earlier or later immunized testimony.

■ Defendant's argument as to the prohibition of the use of immunized testimony to prove perjury allegedly committed during the course of separate and *earlier* immunized testimony is well taken. In *U.S. v. Apfelbaum*, 445 U.S. 115, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980), the United States Supreme Court addressed the use of immune testimony to establish prior perjury as follows.

> For even if both truthful and untruthful testimony from the immunized proceeding are admissible in a subsequent perjury prosecution, the exception [that a prosecution for perjury may be based on immunized testimony, contra to the principle that a witness who has been granted immunity for his testimony should be treated as if he has invoked the fifth amendment and remains silent] surely would still be properly regarded as "narrow," once it is recognized that the testimony *remains inadmissible in all prosecutions for offenses committed prior to the grant of immunity that would have permitted the witness to invoke his Fifth Amendment privilege absent the grant.* (emphasis added).

*Id.* at 128, 100 S.Ct. at 955. Immunized testimony from one proceeding may thus

not be used to prove perjury on the part of a witness at an earlier proceeding.

Pursuant to its order of March 15, 1985, the Court has reviewed *in camera* the transcript of the grand jury proceeding which resulted in the superseding indictment. The Court's review of that transcript has led it to the following conclusions. First, portions of the defendant's immunized testimony from both the 1981 and 1983 proceedings were introduced for the purpose of establishing the alleged perjury. No limiting instructions were given to the grand jury as to the use of defendant's immunized testimony in one proceeding to establish that he perjured himself in the other. Second, the selected portions of the 1983 transcript presented to the indicting grand jury focus, in part, on the defendant's admissions that he had signed, and his implicit admissions that he had, therefore, used, the names of Morton Weiss and Ralph Stelzer in requesting the wire transfers of monies in 1976. Defendant thus conceded, contrary to his 1981 grand jury testimony, that he had used names other than his own. Likewise, selected portions of the 1983 transcript presented to the indicting grand jury focus, in part, on the defendant's admissions that his signature appeared on wire transfers of monies to the International Bancorpest and the Merchants and Shipowners Bank accounts at the United California Bank of New York, and his implicit admissions that such monies were transferred to those institutions at his request. Such admissions establish, contrary to the defendant's 1981

grand jury testimony, that defendant did "know" those institutions. Consequently, the Court finds that the grand jury relied upon and in fact "used" the defendant's 1983 immunized grand jury testimony in order to find a basis for prosecuting the defendant for the 1981 alleged perjury. The Court holds that this use of the 1983 immunized testimony exceeded the scope of the use permitted under *Apfelbaum,* and was improper.[2] Defendant's motions to dismiss counts one and two of the indictment, such counts being based on the use of immunized testimony to establish a prior perjury, are granted.[3]

## COUNTS THREE THROUGH SIX

The Court finds that immunized testimony may be used to prove perjury allegedly committed during the course of separate and *subsequent* immunized testimony. While the *Apfelbaum* case does not expressly address that situation, the Court in *Apfelbaum* noted *U.S. v. Freed,* 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), for its rejection of "the argument that a registration requirement of the National Firearms Act violated the Fifth Amendment because the information disclosed could be used in connection with offenses that the transferee of the firearm might commit in the future." *Apfelbaum, supra,* 445 U.S. at 129, 100 S.Ct. at 956. The Court in *Apfelbaum,* citing two statements from *Freed* that the self-incrimination clause of the fifth amendment does not provide immunity for future crimes,[4] stated

2. The court finds that the facts in the instant case provide an even stronger case for disallowing the use of defendant's immunized testimony to prosecute for perjury allegedly committed prior to the grant of immunity than in a prosecution for an offense committed prior to the grant of immunity as to which a witness could have but did not invoke his fifth amendment privilege against self-incrimination. In this case, the charged perjury allegedly occurred during the course of defendant's earlier and separate testimony which was also immunized.

3. Having so found, the Court need not address defendant's remaining challenges to counts one and two of the superseding indictment.

4. The Court first cited the following statements from Justice Douglas' majority opinion, *see Freed, supra,* 401 U.S. at 606–607, 91 S.Ct. at 117,

> Appellees' argument assumes the existence of a periphery of the Self-Incrimination Clause which protects a person against incrimination not only against past or present transgressions but which supplies insulation for a career of crime about to be launched. We cannot give the Self-Incrimination Clause such an expansive interpretation.

and then cited the following statement of Justice Brennan in his concurring opinion:

> I agree with the Court that the Self-Incrimination Clause of the Fifth Amendment does not require that immunity be given as to the use

"that the Fifth Amendment does not prevent the use of respondent's immunized testimony at his trial for false swearing because at the time he was granted immunity, the privilege would not have protected him against false testimony that he might later decide to give." *Apfelbaum, supra,* at 130, 100 S.Ct. at 957.

■ In light of the Supreme Court's failure to expressly prohibit the use of prior immunized testimony to prove perjury allegedly committed during the course of subsequent immune testimony in *Apfelbaum,* and the fact that the Supreme Court gives some indication that such use of immunized testimony is not prohibited, as well as the fact that there is a dearth of case law on the question and defendant has not cited case law establishing otherwise, the Court finds that the use of the defendant's immunized testimony in the first (1981) grand jury proceeding to establish that he allegedly perjured himself in the second (1983) grand jury proceeding, was lawful. Defendant's challenges to counts three to six on those grounds are thus overruled.[5] Further, defendant's immunized testimony from the 1981 grand jury proceeding may be used at trial to establish his alleged perjury at the 1983 grand jury proceeding, to the extent relevant and subject to the Federal Rules of Evidence.

### LIMITATION OF EVIDENCE

■ Defendant requests a prohibition of evidence as to his employment in the "adult entertainment business". Defendant argues that "the unfair prejudice of such proof would greatly outweigh its value." The Court has reviewed defendant's request and finds it to be without merit. The Court will entertain any challenges to specific submissions of such evidence at trial.

### REDACTION OF TRANSCRIPTS

The plaintiff government is directed to submit to the defendant Edward Seltzer, on or before Thursday, March 21, 1985, by 4:00 p.m., a notice of what portions of the transcript of the 1981 and 1983 grand jury proceeding, as relevant,[6] it intends to introduce at trial to prove the alleged 1983 perjury. Defendant is directed to respond to the plaintiff's notice on or before Tuesday, March 26, 1985 by 4:00 p.m., as to what portions of the transcripts of the 1981 and 1983 proceedings he objects to being used at trial, and as to what portions of the transcripts he does not object to being used at trial, reserving to defendant his right to object to the introduction of the entirety of the transcript of the 1981 and 1983 grand jury proceedings to establish perjury by the defendant in the 1983 grand jury proceeding. Both parties are directed to inform the Court, on or before Tuesday, March 28, 1985, by 4:00 p.m., as to the sections of the 1981 and 1983 transcripts the parties dispute should be admissible at trial.

### CONCLUSION

Defendant's motions to dismiss counts one and two of the superseding indictment are granted. Defendant's motions to dismiss counts three through six of the superseding indictment are denied. Defendant's motion for a prohibition against the introduction of evidence of defendant's employment in the "adult entertainment business" is denied. As to defendant's request for a redaction of transcripts of the 1981 and 1983 grand jury proceedings, the parties are instructed to comply with the schedule set out by the Court herein.

IT IS SO ORDERED.

of such information in connection with crimes that the transferee might possibly commit in the future with the registered firearm. *Freed, supra* at 611, 91 S.Ct. at 1119.

5. Defendant also challenges counts three and four as duplicitous. The court reserves ruling on that challenge at this time.

6. The Court emphasizes its use of the word relevant, noting that in *Apfelbaum,* Justice Rehnquist addressed the exception to the immunity statute, that immune testimony may be used in a prosecution of a witness for perjury, in terms of the admissibility of relevant evidence.